Argued and submitted September 2, affirmed December 16, 1986, reconsideration
denied February 3, 1987

## DEMARAY,
*Petitioner on Review,*

*v.*

## DEPARTMENT OF ENVIRONMENTAL QUALITY,
*Respondent on Review,*

(ERB 1465M; CA A35769; SC S32784)

730 P2d 547

Michael E. Swaim, Salem, argued the cause for petitioner on review. With him on the petition for review was Swaim, Betterton & Eder, Salem.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent on review.

CAMPBELL, J.

## CAMPBELL, J.

This is a case of judicial review of a decision of the Employment Relations Board (ERB). The issue is whether ERB correctly held that a Department of Environmental Quality (DEQ) supervisor acted lawfully in reprimanding petitioner, a DEQ employee, for acting contrary to the supervisor's direct order regarding enforcement action. We agree with the ERB that, under the facts found by ERB, the supervisor acted lawfully and affirm.

Petitioner, an environmental analyst for DEQ, investigated an oil spill in Portland. He submitted a draft memorandum about the spill to the clerical staff for typing. His draft memorandum concluded that the oil was negligently discharged; therefore he recommended enforcement and a $500 civil penalty assessment. Before typing the final memorandum, the secretary submitted it to Charles Clinton, petitioner's regional supervisor. After discussing the matter with another regional supervisor, the regional manager and the enforcement section manager, Clinton concluded that there was insufficient evidence of negligence and that the responsible company had mitigated damages. He then sent a memorandum to petitioner directing him: "Do not send this matter as an enforcement referral."

A few days later, contrary to the explicit directive, petitioner had his memorandum typed in final form and submitted it to his supervisor as part of an "enforcement referral package," which included a handwritten enforcement referral form, photographs, correspondence and other supporting documents. The supervisor responded by reprimanding petitioner and placing a formal letter of reprimand in petitioner's personnel file.

Petitioner filed a grievance with DEQ regarding his supervisor's conduct. Petitioner was dissatisfied with DEQ's response and appealed to ERB. ERB dismissed the appeal, petitioner sought judicial review, and the Court of Appeals affirmed without opinion. 78 Or App 245, 714 P2d 1120 (1986).

ERB concluded that petitioner had not carried his burden of proving that the supervisor's reprimand was arbitrary, or contrary to law, rule or policy, and that the supervisor's directive required petitioner to do nothing that was

contrary to rule or law. ERB also concluded that it was not petitioner's responsibility to determine the enforcement action to be taken in a situation such as the oil spill involved here: That responsibility lay with his supervisor. Petitioner's duty merely was to inform his supervisor of his findings and to make recommendations based thereon. The supervisor had authority to order petitioner not to resubmit his memorandum and supporting documents as an enforcement referral. This conclusion is supported by and rationally related to ERB's findings of fact regarding the supervisor's position description, petitioner's position description and petitioner's Work Improvement Plan.

At all relevant times the supervisor's position description read in part as follows:

"I. COMPLIANCE ASSURANCE

"a. Investigates and/or assigns air and water complaints. Reviews staff's follow-up for completeness, timeliness and appropriateness of action taken. Makes decision whether additional action is necessary.

"b. Inspects all assigned air, water and solid waste source inspections. Conducts necessary enforcement actions. Reviews staff work for completeness, timeliness and *makes decisions whether enforcement referral or other administrative action is necessary.*" (Emphasis added.)

Petitioner's position description provides in part:

"1. COMPLIANCE ASSURANCE

"a. Conducts inspections of assigned air, water, solid waste and hazardous waste sources for compliance, develops necessary control strategies for noncompliance or *initiates appropriate enforcement action.*

"b. Investigates assigned air, water, solid waste and hazardous waste sources for compliance, obtains necessary corrections.

"c. Drafts assigned air and water quality permits.

"d. Prepares necessary reports and letters associated with compliance assurance actions." (Emphasis added.)

In addition, petitioner's Base Work Plan states in part that an

environmental analyst: "Provides alternatives and recommendations rather than just problems and suggest[s] a course of action when presenting problems to supervisor."

Thus, petitioner's position description and Base Work Plan merely set out his responsibilities as an environmental analyst to initiate "appropriate enforcement action" and to provide recommendations and suggest a course of action to the supervisor. The supervisor's position description places responsibility on the supervisor to determine whether enforcement referral or other administration action is necessary. Moreover, petitioner's job description was modified by a Work Improvement Plan which states: "You have the right to express opinions and make recommendations. However, once the final decision has been made by superiors, you shall comply without further rebuttal."[1]

Read together, the position descriptions, Base Work Plan and Work Improvement Plan indicate that petitioner's enforcement recommendations are subject to the supervisor's review.

Petitioner submitted his draft memorandum recommending enforcement.[2] The supervisor reviewed it, disagreed and ordered him not to return an enforcement referral. The supervisor did not order petitioner to recommend against enforcement. Petitioner was not reprimanded for his draft memorandum recommending enforcement, but only after he contravened the supervisor's directive not to send the matter as an enforcement referral by resubmitting his memorandum as part of an "enforcement referral package." DEQ employes who believe that a supervisor is directing them to disobey the law or to act improperly are not without recourse. ORS 240.316(5) permits an employe to report activities of the supervisor which an employe believes are unlawful, and protects the employes against reprisals resulting from their disclosures.[3] In addition, DEQ Instruction 210.274 establishes

---

[1] The Employment Relations Board (ERB) found that the supervisor's decision was final. Petitioner did not contend that ERB was wrong.

[2] Nothing in the statutes, petitioner's work plan or his work improvement plan requires that he submit his recommendation in final form.

[3] ORS 240.316(5) provides:

"No employe shall be subject to disciplinary action or separation for dis-

a grievance procedure within the agency. Rather than following this procedure, petitioner chose to disobey his supervisor's order.

The supervisor's action in response to petitioner's conduct was not unlawful; the supervisor had legal authority to issue a reprimand under the circumstances of this case. The decisions of the Court of Appeals and the Employment Relations Board are affirmed.

closure, not prohibited by law, of violation of laws, rules, other improper actions or inefficiency of superior officers or fellow employes. The division shall:

"(a) Establish a procedure whereby employes may report wrongdoing or inefficiency to an independent agency;

"(b) Prohibit reprisals against employes because of their disclosures.

"(c) Protect employes against reprisals because of their disclosures; and

"(d) Establish an appeal procedure for employes who suffer reprisal because of their disclosures."